## HOWARD F. MARTINDALE v. S. A. STOTLER.

**No. 13,738.** (77 Pac. 700.)

### SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Action by Innocent Holder—Erroneous Instruction.* Where, in an action by the holder on a negotiable promissory note, indorsed by the payee in blank, there is interposed by the maker the defense that the note was obtained through the misrepresentation and fraud of the payee, and the further defense that the note, since its execution and delivery, has been materially altered, and there is no evidence connecting plaintiff with the fraud or showing knowledge thereof by him at the time of the purchase of the note, it is prejudicial error to instruct the jury upon the effect of fraud on the right of plaintiff to a recovery.

Error from Lyon district court; DENNIS MADDEN, judge. Opinion filed July 7, 1904. Reversed.

*Graves & Hamer*, for plaintiff in error.

*Kellogg & Madden*, for defendant in error.

The opinion of the court was delivered by

ATKINSON, J.: This was an action upon a promissory note for $878.50, which resulted in a judgment for defendant, and plaintiff complains of it. The note had been sold before maturity to plaintiff, Howard F.

Martindale, by the payee, Herman Fist, who indorsed it. Fist was an agent of the New York Life Insurance Company, and this note was given for the first premium on a $10,000 policy of insurance to be issued by that company on the life of defendant. It was contended by defendant that the note in controversy had been obtained from him by Fist through misrepresentation and fraud; that the conditions and provisions of the policy to be issued to defendant had been misrepresented; that since its execution and delivery the note had been altered; that when it was executed and delivered the word "ten," indicating the rate of interest designated in the blank form of the note, had been stricken out, leaving the note to bear no interest from its date; that since its execution the figure "5" had been inserted above the place where the word "ten" had been stricken out; and the word "date" had been stricken out and the word "maturity" written beneath it; that all of these alterations had been made after the note had been executed and delivered to Fist. No policy was issued and delivered to defendant, due to the fact that he neglected and refused to submit to a physical examination.

The case was tried before the court and a jury. Upon the trial it was shown that plaintiff had purchased the note of Fist, along with other notes, at a discount of ten per cent. There was only the testimony of Fist and Stotler regarding the alleged fraudulent representations made in obtaining the note, and the time when the alterations had been made. The note plainly showed that it had been altered in the particulars mentioned, the only question being when these alterations were made. Fist testified that they were made in Stotler's presence, before the note was signed and delivered. Stotler testified that there were

no such alterations on the note when he signed and delivered it, and that they had not been made with his knowledge or consent.

A reading of the record fails to disclose any knowledge on the part of plaintiff of fraudulent representations alleged by Stotler to have been made to him by Fist.   Notwithstanding this fact, the court instructed the jury upon the question of the legal effect and the right of plaintiff to a recovery upon the note, if it should be found that the same had been obtained from the defendant by Fist through misrepresentation and fraud, and complaint of it is made by plaintiff in error. The instruction complained of would have been proper had Fist continued to be the owner of the note, or had there been evidence tending to show that plaintiff, at the time of the purchase of the note in controversy, knew, or by the exercise of ordinary care could have known, that it was obtained from defendant by misrepresentation and fraud.

It is urged by defendant that plaintiff in error could not have been prejudiced by the instruction complained of, inasmuch as the court also instructed the jury that, if plaintiff should be found to be a *bona fide* purchaser of the note for value, he could recover of defendant, notwithstanding the note had been obtained of defendant by Fist through misrepresentation and fraud.   The instruction should not have been given, for the reason that it would tend to confuse the minds of the jurors and lead them to believe that they must consider and weigh the evidence upon the subject of fraud.   True, it was charged in the answer of defendant that plaintiff had knowledge of the fraud used in procuring the note from defendant, but, as above stated, there was no evidence before the jury that would fairly tend to show any such knowledge

on the part of plaintiff at the time he purchased the note.

The case should have been submitted to the jury with instructions regarding the legal effects of the alterations in the note, there being evidence tending to show that they had been made after its execution and delivery, and without the knowledge and consent of defendant.

For error of the court in giving the instruction complained of, the judgment will be reversed and a new trial granted.

All the Justices concurring.